# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

JESICA STEWART, as Next Friend of
Joseph Stewart, deceased,

        Plaintiff,

v.

TURN KEY HEALTH CLINICS, LLC,
et al.

        Defendants.

Case No. 23-CV-1046-JD

---

## DEFENDANTS TURN KEY HEALTH CLINICS, LLC; NATASHA KARIUKI; ANGELA ALBERTSON; & CHRISTINA MEZA'S NOTICE OF SUPPLEMENTAL AUTHORITY

---

COME NOW Defendants, Turn Key Health Clinics, LLC ("Turn Key"); Natasha Kariuki, LPN; Angela Albertson, LPN; & Christina Meza, LPN ("LPN Defendants") (hereinafter collectively "Defendants") and, pursuant to LCvR7.1(m), respectfully submit the following Notice of Supplemental Authority, *Martin v. Armor Corr. Health Serv's, Inc.*, Case No. 120, 422, p. 8-10 (OK CIV APP Feb. 27, 2024)(formal opinion attached hereto as Exhibit 1), which is dispositive of and/or pertinent to certain legal issues in Defendants' dispositive motion, and reply thereto, currently pending before this Court. *See* Doc. Nos. 11 and 17. In support thereof, Defendants respectfully show the following:

## SUPPLEMENTAL AUTHORITY

**I.    THE OKLAHOMA COURT OF CIVIL APPEALS' MOST RECENT OPINION HOLDS DEFENDANTS CONTINUE TO BE IMMUNE FROM LIABILITY FROM TORTS UNDER THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT**

On February 27, 2024, the Oklahoma Court of Civil Appeals ("COCA") held correctional health care contractors, along with their employees, are entitled to immunity for acts alleged within the course and scope of employment under the Oklahoma's Governmental Tort Claims Act ("GTCA"). *Martin v. Armor Corr. Health Serv's, Inc.*, Case No. 120, 422, p. 8-10 (OK CIV APP Feb. 27, 2024). In *Martin*, and as similarly plead in this matter, Plaintiff alleged correctional health care contractor Armor, by and through its employees provided negligent medical care to Emmett Martin while he was an inmate at Oklahoma County Jail. *Id.* Also as alleged in this matter, Plaintiff in *Martin* also maintained the jail was contracted with Armor, a correctional health care contractor, to provide medical care and services to inmates while in custody. *Id.* In response, Armor filed a Motion to Dismiss based on the immunity provisions of the GTCA, which was granted by the District Court on the basis that Armor and its employees are both considered an "employee" for the purposes of the GTCA, pursuant to the Oklahoma Supreme Court's holding in *Barrios v. Haskell Cty. Pub. Facilities Auth.*, 2018 OK 90, ¶ 5, 432 P.3d 233. Plaintiff appealed this ruling; however, **COCA affirmed** the legal basis for the District Court's ruling, **stating: ". . . the trial court did not err by determining that Armor was considered an employee of the State and could not be sued individually for acts within the scope of employment. Title 51 O.S. 2011 § 152.1"** citing reliance on *Barrios*. *See* Exhibit 1, *Martin v. Armor Corr. Health Serv's, Inc.*, Case

No. 120, 422, p. 8-10 (OK CIV APP Feb. 27, 2024)(formal opinion).

As a refresher, in *Barrios*, the Oklahoma Supreme Court squarely addressed whether correctional health care contractors, such as Turn Key or Armor, and their employees, are considered to be "employees" of the state and, thus, are entitled to immunity under the GTCA:

> Generally speaking, the staff of a healthcare contractor at a jail are "employees" who are entitled to tort immunity under the GTCA by virtue of sections 152(7(b), 153(A), and 155(25). See 51 O.S.Supp.2015 § 152(7)(b) ("As used in The Governmental Tort Claims Act: . . . 7. 'Employee' means any person who is authorized to act in behalf of a political subdivision or the state whether that person is acting on a permanent or temporary basis, with or without being compensated or on a full-time basis. . . . b. For the purpose of The Governmental Tort Claims Act, the following are employees of this state, regardless of the place in this state where duties as employees are performed: . . . (5) physicians who provide medical care to inmates pursuant to a contract with the Department of Corrections, [and] . . . (7) licensed medical professionals under contract with city, county, or state entities who provide medical care to inmates or detainees in the custody or control of law enforcement agencies. . . ."); id. §§ 153(A), 155(25). We have not been asked whether Turn Key Health, LLC or its staff are "employees" under section 152(7)(b), but have assumed they are for purposes of answering the questions certified to us.

*Id.*, at n. 5.

As the Oklahoma Supreme Court explained, "in cases including tort claims against the State and state actors, the Court begins with the understanding that the State is statutorily immune from tort suit unless the Legislature has expressly waived that immunity." *Id.*, ¶ 8 (emphasis added).

*Martin* provides specific guidance related to GTCA applicability to correctional healthcare contractors and, in so ruling, COCA clarifies the reach of GTCA's immunity

provisions to, both, correctional health care contractors and their employees as the Legislature has not expressly waived that immunity. *Martin*, Case No. 120, 422 at p. 8-10. This ruling is also in line with a prior ruling provided by COCA regarding the same issue where it was held **". . . Turn Key is immunized from liability under the GTCA,"** likewise citing the Oklahoma Supreme Court ruling, *Barrios*. *Nayebyazdi v. Turn Key*, Case No. 119,652, p. 8-9 (OK CIV APP Oct. 14, 2021). Further, as argued by Plaintiff, decisions from a state's intermediate court of appeals are binding on federal courts unless other authority convincingly suggests the state's highest court would decide otherwise. *See Koch v. Koch Indus., Inc.*, 203 F. 3d 1202, 1203 (10th Cir. 2000)(internal citations omitted); *see also West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940). Here, based on the Oklahoma Supreme Court's holding of express immunity for correctional health care contractor employees and implied immunity for correctional health care contractors it is known how Oklahoma's highest court would likely decide this issue, and it is in conformity with the *Martin* opinion from COCA. *Barrios*, 2018 OK 90 at ¶ 5; *Martin*, Case No. 120, 422 at p. 8-10. Opinions holding otherwise should, thus, be disregarded as they are not in line with Oklahoma Supreme Court opinion or the more populous guidance provided by COCA. *Barrios*, 2018 OK 90 at ¶ 5; *Martin*, Case No. 120, 422 at p. 8-10; *Nayebyazdi*, Case No. 119,652 at p. 8-9.

## CONCLUSION

With the ruling in *Martin*, the Oklahoma Court of Civil Appeals specifically sets forth Turn Key, along with its employees, continue to be immune for acts alleged within the course and scope of employment under the GTCA in accordance with COCA's prior

*Nayebyazdi* opinion and the guidance provided by the Oklahoma Supreme Court. Accordingly, this Court should grant Defendants' Motion to Dismiss Plaintiff's state law claims for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1940 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007).

Respectfully submitted,

s/ Meilani C. Kaaihue
Sean P. Snider, OBA #22307
Meilani C. Kaaihue, OBA #33931
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105
ssnider@johnsonhanan.com
mckaaihue@johnsonhanan.com
*Attorneys for Defendants Turn Key Health Clinics, LLC; Natasha Kariuki; Angela Albertson; and Christina Meza*

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the <u>13th</u> day of <u>March</u>, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.


     *s/ Meilani C. Kaaihue*
     Meilani C. Kaaihue