IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESICA STEWART, as Next Friend of Joseph Stewart, deceased,<br><br>   Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS LLC, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-23-01046-JD<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Before the Court are Defendants Turn Key Health Clinics, LLC, Natasha Kariuki, Angela Albertson, and Christina Meza's Motion to Dismiss [Doc. No. 11], Defendant Chris Amason's Motion to Dismiss [Doc. No. 10], responses and replies to those motions [Doc. Nos. 14, 15, 17, 19], notices of supplemental authority [Doc. Nos. 20, 22], two Reports and Recommendations issued by United States Magistrate Judge Amanda Maxfield Green [Doc. Nos. 23, 25], objections filed by Turn Key and Plaintiff Jesica Stewart [Doc. Nos. 26, 27], responses to the objections filed by Stewart and Amason [Doc. Nos. 28, 29], and Turn Key's reply to Stewart's response to Turn Key's objection [Doc. No. 30].

For the following reasons, and upon its de novo review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court grants in part and denies in part the Motions to Dismiss and adopts in part and rejects in part the Reports and Recommendations.

I.  **BACKGROUND**

This case arises out of the death of Joseph Stewart—Plaintiff Stewart's husband—immediately after his custodial transfer from the Cleveland County Justice Center. Stewart brought this action against Turn Key Health Clinics ("Turn Key"); Chris Amason, the Sheriff of Cleveland County, in his official capacity; nurses Natasha Kariuki, Angela Albertson, and Christina Meza ("the LPN Defendants"); and a fourth nurse, Becky Pata. Stewart brings municipal liability claims against Turn Key and Amason, alleging that they violated Joseph Stewart's constitutional right to adequate medical care by maintaining a deficient medical care delivery system and failing to train their staff. She also brought state law negligence claims against Turn Key and the LPN Defendants and Pata. The defendants removed the action to this Court on November 16, 2023, and the Court referred the case to Judge Green.

Turn Key and Amason moved to dismiss Stewart's constitutional claims for failure to state a claim for municipal liability. Turn Key and the LPN Defendants moved to dismiss Stewart's state law claims, asserting that they are immune from suit under the Oklahoma Governmental Tort Claims Act ("GTCA") and that the claims are time-barred. Judge Green recommends that the Court (1) deny Turn Key's motion to dismiss Stewart's claim that Turn Key had a policy or practice of maintaining an inadequate medical delivery system, (2) grant the motions to dismiss the other constitutional claims against Turn Key and Amason, and (3) decline to exercise supplemental jurisdiction over the claims arising out of state law. Judge Green also recommends that the Court deny requests for leave to amend made by Stewart in her responses to the motions to dismiss.

## II. LEGAL STANDARDS

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court must "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017).

When a magistrate judge has entered a recommended disposition of a matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In addition, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de*

3

*novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

### III.   ANALYSIS

**A.   The Court adopts the recommendations regarding the disposition of Stewart's constitutional claims.**

Claim 3 of the amended petition alleges that Amason "adopted, maintained, and enforced a written policy or unwritten practice that denied or delayed adequate medical care" for Joseph Stewart, constituting deliberate indifference to his medical needs in violation of the Eighth Amendment. [Doc. No. 1-2 ¶¶ 75–78]. Claim 5 asserts the same claim against Turn Key. *Id.* ¶¶ 84–87. Claim 4 asserts that Amason "did not provide staff with adequate training to identify and document medical emergencies or to elevate care decisions for at-risk people like" Joseph Stewart, also constituting deliberate indifference under the Eighth Amendment. *Id.* ¶¶ 79–83. Claim 6 brings the same claim against Turn Key. *Id.* ¶¶ 88–92. Judge Green recommends granting the motions to dismiss Claims 3, 4, and 6, and denying the motion to dismiss Claim 5.

Upon de novo review of the record and Judge Green's recommendation, the Court adopts Judge Green's recommendation. Judge Green has "dealt with the issues fully and accurately," and the Court "could add little of value to that analysis." *Griego*, 64 F.3d at 584. Further, nothing in the objections, responses, or reply filed by the parties after Judge Green issued her recommendation leads the Court to find any error in Judge Green's analysis.

Accordingly, the Court dismisses Stewart's claims for inadequate training against Amason and Turn Key, as well as her claim against Amason for maintaining an inadequate medical delivery system. The Court concludes that Stewart has sufficiently pleaded a claim for deliberate indifference against Turn Key under the systemic failure doctrine. *See Crowson v. Washington Cnty.*, 983 F.3d 1166, 1191 (10th Cir. 2020). Therefore, Claim 5 remains.

### B. The Court declines to dismiss Stewart's negligence claims against Turn Key and the LPN Defendants.

Stewart did not object to Judge Green's recommendation that the Court decline to exercise supplemental jurisdiction over Stewart's negligence claims. [Doc. No. 23 at 22].[1] Nevertheless, given that a federal claim remains following this pleading stage, the Court finds it appropriate to review this issue de novo. *See Thomas*, 474 U.S. at 154.

As an initial matter, 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The district court, however, may decline to exercise this supplemental jurisdiction if the claim raises a novel or complex issue of state law, the claim substantially predominates over the claim over which the district court has original jurisdiction, the district court has dismissed all claims over which it has

---

[1] The Court uses CM/ECF page numbers from the top of docket filings.

original jurisdiction, or exceptional circumstances provide compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

As discussed above, there remains a claim over which the Court has original jurisdiction. The negligence claims are related to the federal claim that remains. At this pleading stage, the Court cannot say that there is an appropriate reason to decline supplemental jurisdiction.[2] Thus, the Court proceeds to analyze the reasons for dismissal argued by the parties.

### 1) *Turn Key and the LPN Defendants are not entitled to immunity under the GTCA at the pleading stage.*

The parties dispute whether Turn Key and the LPN Defendants are entitled to immunity under the GTCA. 51 Okla. Stat. § 151, *et seq*. Turn Key and the LPN Defendants argue that the Oklahoma Supreme Court's opinion in *Barrios v. Haskell County Public Facilities Authority*, 432 P.3d 233, 241 (Okla. 2018), addressed this issue, and that they are entitled to immunity as a result. Stewart argues that the GTCA does not bar her tort claims because the statute excludes independent contractors and their

---

[2] The Report and Recommendation recommends "that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claims," [Doc. No. 23 at 22], citing for support *RX Medical LLC v. Melton*, No. CIV-22-731-PRW, 2022 WL 4000712 (W.D. Okla. Sept. 1, 2022). In that case, however, the court initially exercised federal question jurisdiction over a single federal claim and supplemental jurisdiction over five state law claims. 2022 WL 4000712, at *1. When the plaintiffs amended their complaint to remove the lone federal claim, the court declined to exercise supplemental jurisdiction because only state law claims raising "complex issues of state law revolving around the interpretation of an important state statute" remained. *Id.* at *3. Here, in contrast, Stewart's constitutional claim against Turn Key remains. Thus, *RX Medical* is inapposite.

employees and, in any event, the Tenth Circuit's decision in *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127 (10th Cir. 2023), instructs that dismissal at the pleading stage is not appropriate.

"An employee of the state or its political subdivision who operates or maintains a jail or correctional facility is exempt from state tort liability under the [GTCA]." *Id.* at 1147 (citing 51 Okla. Stat. § 155(25)). The term "employee" includes "licensed medical professionals under contract with city, county, or state entities who provide medical care to inmates or detainees in the custody or control of law enforcement agencies." 51 Okla. Stat. § 152(7)(b)(7).

"In a footnote in *Barrios v. Haskell County Public Facilities Authority*, 432 P.3d 233, 236 n.5 (Okla. 2018), the Oklahoma Supreme Court stated, 'Generally speaking, the staff of a healthcare contractor at a jail are "employees" who are entitled to tort immunity under the [O]GTCA.'" *Bond v. Regalado*, No. 22-5065, 2023 WL 7014047, at *3 (10th Cir. Oct. 25, 2023) (unpublished). However, district courts have been instructed that, on a motion to dismiss, it is "premature" to determine whether healthcare contractors and prison doctors, nurses, etc. "[are] entitled to immunity based on *Barrios*'s non-binding legal assumption, which was decidedly not an express statement of law." *Lucas*, 58 F.4th at 1148. Instead, the "proper route" for district courts to take "is to determine the [GTCA]'s applicability to private corporations — and their employees — that contract with the state to provide medical services at the summary judgment stage if the factual record is sufficiently developed and the facts are uncontroverted." *Id.*

7

Thus, the Court determines that Stewart's allegations do not conclusively establish that Defendants are entitled to immunity under the GTCA. Based on the Tenth Circuit's instruction in *Lucas*, the Court declines to dismiss the negligence claims against Turn Key and the LPN Defendants on this ground at the pleading stage.[3]

### 2) *Stewart's negligence claims are not time barred at the pleading stage.*

Turn Key and the LPN Defendants argue that Stewart's state law claims are "barred by the applicable statute of limitations." [Doc. No. 11 at 37]. That statute provides that "[a]ll actions filed by an inmate or by a person based upon facts that occurred while the person was an inmate in the custody of . . . a contractor of the State of Oklahoma," including "claims for injury to the rights of another, shall be commenced within one (1) year after the cause of action shall have accrued." 12 Okla. Stat. § 95(A)(11). Because Joseph Stewart died on July 15, 2021, and Plaintiff Stewart originally filed this action on March 13, 2023, *see* [Doc. No. 1-1], Turn Key and the LPN

---

[3] The Court acknowledges the Report and Recommendation's analysis that since *Lucas*, the Oklahoma Court of Civil Appeals ("COCA") has decided two relevant cases with conflicting holdings, and that there is current "disagreement within the COCA on whether private entities that contract to provide medical care to inmates are entitled to tort immunity under the []GTCA." [Doc. No. 23 at 22]. The Oklahoma Supreme Court has granted a petition for writ of certiorari that might clarify the law in this area. *See id.* at 22 & n.3. If state law remains in conflict or unclear by summary judgment, then it might be appropriate to decline to exercise supplemental jurisdiction over "novel or complex" issues of state law under § 1367(c)(1), potentially among other reasons. However, for efficiencies of the parties and the proceedings, the Court views it as premature to make that determination and follows the Tenth Circuit's direction in *Lucas*.

Defendants argue that this action is barred by the one-year statute of limitations imposed by § 95(A)(11). [Doc. No. 11 at 38].

However, where a prisoner, former prisoner, or, as in this case, prisoner's next friend brings a tort action against a private correctional facility, "the GTCA is controlling." *Hall v. GEO Grp., Inc.*, 2014 OK 22, ¶ 14, 324 P.3d 399, 404 (holding that the GTCA controls over the one-year limitations period in 12 Okla. Stat. § 96); *see also Brown v. Creek Cnty. ex rel. Creek Cnty. Bd. of Cnty. Comm'rs*, 2007 OK 56, ¶ 9, 164 P.3d 1073, 1076 ("The plain language of the GTCA dictates that its prescriptions must control over any others. . . . GTCA's statute-of-limitation provisions, as distinguished from those contained in the generic section on civil procedure, must hence govern."); *Rout v. Crescent Pub. Works Auth.*, 1994 OK 85, ¶ 8, 878 P.2d 1045, 1049 (explaining that "limitations within the [GTCA] control over general statutory law").

Specifically, 57 Okla. Stat. § 566.4, "which applies the notice provisions of the GTCA to lawsuits brought by prisoners or former prisoners against private correctional facilities," controls in this action. *Hall*, 2014 OK 22, ¶ 11, 324 P.3d at 404. The relevant notice provisions of the GTCA require a person to "present a claim to the state or political subdivision for any appropriate relief . . . . within one (1) year of the date the loss occurs." 51 Okla. Stat. § 156(A)–(B). "A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part" by the state or political subdivision. *Id.* § 157(A). "No action for any cause arising under," the GTCA "shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section."

*Id.* § 157(B). "In short, a plaintiff has no access to the courts while awaiting the political subdivision's decision." *Brown*, 2007 OK 56, ¶ 6, 164 P.3d at 1075 (emphasis omitted). "Because under GTCA's § 157(A) the right to sue does not attach until the claim has been denied or is deemed denied," the Oklahoma Supreme Court has held "that causes of action brought under the GTCA do not accrue until that point." *Id.* ¶ 7, 164 P.3d at 1075.

Here, Stewart alleges she "has timely complied with any prerequisites to filing suit, including serving a notice of claim on Turn Key consistent with 57 O.S. § 566.4(B)(2) on June 17, 2022." [Doc. No. 1-2 ¶ 6]. Thus, she complied with the GTCA's requirement that she present a claim within one year of the date the loss occurred on July 15, 2021, when Joseph Stewart died.

The amended petition does not allege sufficient information to determine when the cause of action accrued because it does not provide the date on which the claim was denied. But the statute of limitations is an affirmative defense, and a "plaintiff need not anticipate in the complaint an affirmative defense that may be raised by the defendant." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

Therefore, at this stage in the proceedings, Stewart's negligence claims are not time-barred. The Court denies the motions to dismiss insofar as they seek to dismiss the negligence claims against Turn Key and the LPN Defendants.

C.     **The Court dismisses Counts 3, 4, and 6 without prejudice.**

"To the extent the Court determines the pleading is deficient," Stewart's responses to defendants' motions to dismiss "respectfully request[] the Court grant leave to amend, or alternatively," limited pre-answer discovery. [Doc. No. 14 at 25; Doc. No. 15 at 19].

10

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave" to amend pleadings "when justice so requires." Where the party has "expressed a willingness to amend," and "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990)). Here, because the deficiencies in Stewart's complaint are potentially curable, the Motions were directed at an amended petition drafted under state (versus federal) pleading standards in this removed action, and Stewart seeks the ability to amend her pleading, the Court dismisses Claims 3, 4, and 6 without prejudice. Should Stewart wish to amend her complaint, she must follow the Federal and Local Civil Rules of Procedure and the deadlines in any scheduling order. *Cf.* LCvR7.1(c) ("A response to a motion may not also include a motion or a cross-motion made by the responding party."); *see also* LCvR15.1 (explaining that a party moving to amend a pleading under Federal Rule of Civil Procedure 15 "must attached the proposed pleading as an exhibit to the motion").[4]

## IV. CONCLUSION

For these reasons, the Court ADOPTS IN PART the Reports and Recommendations [Doc. Nos. 23, 25], GRANTS Amason's Motion to Dismiss [Doc. No.

---

[4] Before filing any motion for leave to amend, the Court requires the parties to confer to determine if they can resolve any disputes and to avoid further motion practice on the issues so that the action may progress. *See* Fed. R. Civ. P. 1.

10], GRANTS Turn Key's Motion to Dismiss Claim 6, and DENIES Turn Key's Motion to Dismiss Claim 5 [Doc. No. 11]. The Court REJECTS IN PART the Report and Recommendation [Doc. No. 23] and DENIES Turn Key and the LPN Defendants' Motion to Dismiss Claims 1 and 2 [Doc. No. 11]. Claims 1, 2, and 5 remain.

Federal Rule of Civil Procedure 12(a)(4) governs answer deadlines. This action remains referred to Judge Green.

IT IS SO ORDERED this 22nd day of October 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE