**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JESICA STEWART, as Next Friend of Joseph Stewart, deceased,<br><br>Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS LLC, et al.,<br><br>Defendants. | ) | Case No. CIV-23-01046-JD |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Amanda L. Maxfield [Doc. No. 105] recommending denial of the motions for summary judgment filed by Defendants Natasha Kariuki and Christina Meza [Doc. Nos. 87 and 88]. For the reasons outlined below, the Court accepts the R. & R.

## I. BACKGROUND

Plaintiff initiated this case after the death of her husband, Joseph Stewart, following his transfer from Cleveland County Justice Center. [Doc. No. 105 at 2].[1] Plaintiff asserts a claim for negligence under Oklahoma law against two nurses, Defendants Natasha Kariuki and Christina Meza, both of whom were licensed practical nurses employed by Turn Key. [*Id.*]. Kariuki and Meza moved for summary judgment, claiming that the Oklahoma Governmental Tort Claims Act ("GTCA") provides them

[1] When the Court cites to a page number in this order, it will use page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

immunity. [*Id.*]. The full background of Plaintiff's negligence claim is outlined in the R. & R. [*Id.* at 3–7].

The R. & R. recommends that the Court deny the motions for summary judgment because fact issues exist regarding whether Kariuki and Meza acted in good faith, thus acting within the scope of their employment for purposes of the GTCA. Judge Maxfield advised the parties of their right to object to the R. & R. by filing an objection with the Clerk of Court by July 23, 2026, and explained that failure to timely object to the R. & R. waives appellate review of both factual and legal questions in the R. & R. [*Id.* at 15]. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Kariuki and Meza timely filed objections to the R. & R. [Doc. No. 106]. Plaintiff also filed objections to the R. & R. [Doc. No. 107]. Kariuki and Meza filed a response to Plaintiff's objections. [Doc. No. 110].

## II. STANDARD OF REVIEW

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate

review of both factual and legal questions."). Because the parties have submitted timely and specific objections to the R. & R., the Court conducts a de novo review.

## III. ANALYSIS

### A. The Court overrules Kariuki and Meza's objections.

As outlined in the R. & R., the GTCA provides immunity from tort liability for state employees acting within the scope of their employment. 51 Okla. Stat. § 152.1(A) ("The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts."). "'Scope of employment' means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority . . . but shall not include corruption or fraud." *Id.* § 152(13). "An act of the employee is not in the scope of employment if the employee acted maliciously or in bad faith." *Pellegrino v. State ex rel. Cameron Univ.*, 2003 OK 2, ¶ 4, 63 P.3d 535, 537. The R. & R. concluded that fact issues exist regarding whether Kariuki and Meza acted within the scope of their employment, thus summary judgment is inappropriate. Kariuki and Meza object to the R. & R., stating that the R. & R.'s conclusion is "at odds with both the factual record and the applicable law." [Doc. No. 106 at 3].

First, Kariuki and Meza state that the R. & R. improperly relied on *Smith v. Allbaugh*, No. CIV-19-470-G, 2022 WL 3018418 (W.D. Okla. July 29, 2022), a district court case applying Oklahoma law. [Doc. No. 106 at 3–5]. They argue that the R. & R. should not rely upon "non-binding caselaw to interpret state statutes." [*Id.* at 4]. The R. &

R. cited *Allbaugh* as an example of a case in which the plaintiff's allegations regarding the lack of appropriate medical care despite repeated requests raised an inference of bad faith. [*See* Doc. No. 105 at 10]. The R. & R. then further explained that Kariuki's failure to refer Mr. Stewart to a doctor could support a finding that she recklessly disregarded his medical needs. [*Id.* at 12]. The R. & R. supported this finding with citation to Oklahoma caselaw that while "acts performed with 'reckless disregard' do not automatically rise to a level constituting malice or bad faith, that is not to say that malice or bad faith can never be inferred from conduct exhibiting reckless disregard for the rights of others on a case-by-case basis." [*Id.* (quotation modified) (quoting *Gowens v. Barstow*, 2015 OK 85, ¶ 21, 364 P.3d 644, 652)]. Accordingly, the R. & R. supported its conclusion with citation to Oklahoma case law. Although Kariuki and Meza object to the R. & R.'s reliance on *Allbaugh*, they do not assert that the court in that case improperly applied the law or applied the wrong standards. [*See* Doc. No. 106 at 4]. The Court, therefore, does not find the R. & R. committed legal error by citing a district court case applying Oklahoma law.

Kariuki and Meza also object to the R. & R.'s reliance on *Allbaugh* because that case addressed a motion to dismiss and this case addresses a motion for summary judgment. [Doc. No. 106 at 4–5]. However, other than noting the differences between the respective motions' burdens of proof, they do not explain how that impacts the R. & R.'s analysis. The R. & R. compared the allegations from *Allbaugh* to the facts of this case. [*See* Doc. No. 105 at 10 ("The relevant defendants in that case had allegedly failed to take meaningful action to help the incarcerated decedent despite noticeable deterioration

of the decedent's health and repeated complaints of severe pain.")]. The objection does not identify legal or factual error in the R. & R.

Kariuki and Meza also take issue with the R. & R.'s discussion of *Sims v. Board of County Commissioners for Oklahoma County*, No. CIV-23-780-R, 2026 WL 288217 (W.D. Okla. Feb. 3, 2026), *reconsideration denied*, *Sims v. Board of County Commissioners for Oklahoma County*, No. CIV-23-780-R, 2026 WL 915584 (W.D. Okla. Apr. 3, 2026). [Doc. No. 106 at 7–8]. As the R. & R. expressly disavowed reliance on this case in reaching its decision, the Court concludes that the arguments regarding the R. & R.'s analysis of *Sims* do not impugn the validity of the R. & R.'s conclusion. [*See* Doc. No. 105 at 11 ("Here, evidence of failures to properly address Mr. Stewart's repeated and increasingly urgent requests counsel in favor of the conclusion in *Smith* and against that in *Sim[s]*.")].

Next, Kariuki and Meza repeatedly argue that they are entitled to immunity because they were providing services "naturally incident" to their duties of employment. [Doc. No. 106 at 5–7; *see also id.* at 10–12]. However, the statutory definition of "scope of employment" specifically includes that the employee acted in good faith. 51 Okla. Stat. § 152(13). Accordingly, the inquiry is not limited to whether the actions of Kariuki and Meza were merely incidental to their employment.

Kariuki and Meza state that "the only *relevant inquiry* per *Sanders*, *Gowens*, *Barnard*, and *DeCort* to determine if Nurse Meza was acting within the scope of her employment as an LPN is whether Nurse Meza's actions were naturally incident to and in furtherance of her duties to Turn Key." [Doc. No. 106 at 10]. This assertion eliminates

the good faith inquiry from the definition of "scope of employment." However, examination of the cases cited by Kariuki and Meza reveals that Oklahoma courts have not limited the statutory definition of "scope of employment" in that manner. In *Gowens*, the Oklahoma Supreme Court concluded that the trial court did not err by finding that the defendant paramedic supervisor's reckless driving did not constitute bad faith, thus outside the scope of his employment. 2015 OK 85, ¶ 22, 364 P.3d 644, 652. But the court did not limit its inquiry to merely whether the defendant was acting in furtherance of his duties. *See id.* Instead, it considered that the defendant had statutory authority to exceed the speed limit, thus his reckless driving did not amount to bad faith conduct in that instance. *Id.*[2] In *Barnard v. Sutton*, the Oklahoma Court of Civil Appeals explicitly stated that they did not consider the issue of whether the defendant acted within the scope of his employment. 2014 OK CIV APP 30, ¶ 11, 321 P.3d 999, 1001 ("Whether Sutton's intoxication constituted conduct falling outside the scope of his employment is not at issue in this opinion. By accepting OSU's offer of judgment, Plaintiff accepted that Sutton was acting within the scope of his employment when he caused her injuries.")

---

[2] The *Gowens* court stated:

> Even though his act of speeding through this particular intersection was found to be reckless his actions leading up to the collision were naturally incident and in furtherance of his duties to his employer. There is no indication that his actions, although having been found unreasonable under the circumstances, were so extreme that they unlawfully usurped any power he did not rightfully possess as an emergency vehicle driver.

*Id.*

(internal citation omitted). In *DeCorte v. Robinson*, the Oklahoma Supreme Court affirmed the jury's conclusion that, although the defendant off-duty police officer's initial conduct was in the scope of his employment, subsequent conduct exceeded the scope of his employment. 1998 OK 87, ¶ 14, 969 P.2d 358, 362 ("Robinson's initial actions may well have been taken on behalf of his employer, and been within the scope of his duties. However, the jury obviously determined that during the course of events his actions exceeded that scope."). And, finally, turning to *Sanders v. Turn Key Health Clinics*, the Oklahoma Supreme Court did not reach the issue of whether employees of the defendant (Turn Key) acted within the scope of their employment.[3]

Kariuki and Meza also object to the R. & R.'s definition of bad faith by citation to *Pellegrino v. State ex rel. Cameron Univ.*, 2003 OK 2, ¶ 4, 63 P.3d 535, 537. [Doc. No. 106 at 9]. The R. & R. cites *Pellegrino* for the proposition that actions taken in bad faith are not within the scope of employment. [Doc. No. 105 at 8, 13]. Kariuki and Meza object, contending that "the Court in *Pell[e]grino* held that the procedural requirements of the GTCA for presenting claims to governmental entities do not apply to tort claims against a governmental employee when the claim is based upon allegations that the

---

[3] Kariuki and Meza reference the Oklahoma Supreme Court's decision in *Sanders*, 2025 OK 19, 566 P.3d 591, multiple times in their objections. [Doc. No. 106 at 2, 4, 10]. *Sanders* addressed the GTCA definition of "employee" in 51 Okla. Stat. § 152(7), it did not analyze "scope of employment" in sections 152.1(A) and 152(13).

The Court does not see anything in the R. & R. as contrary to *Sanders*; rather, the R. & R. strikes the Court as consistent with *Sanders*. *Cf. Sanders*, 2025 OK 19, ¶ 48, 566 P.3d at 607–08 (explaining that "a statute must be read to render every part operative and to avoid rendering parts thereof superfluous or useless, [so courts] construe the parts of the GTCA as consistent parts of a whole") (citing *Pellegrino*, 2003 OK 2, ¶ 16, 63 P.3d at 540).

employee acted outside of the scope of their employment." [Doc. No. 106 at 9 (emphasis omitted)]. They further state that the holding of that case was limited to its facts. [*Id.*]. However, they do not explain how the specific nature of the court's holding impugns *Pellegrino*'s definition of "scope of employment" to not include bad faith conduct and the R. & R.'s citation to that definition. The Court finds that *Pellegrino*'s definition of "scope of employment" to not include bad faith conduct is consistent with the statutory definition itself and with Oklahoma case law applying the statute. *See* 51 Okla. Stat. § 152(13).

Kariuki and Meza argue that the "good faith" requirement included in the statute only applies to "the duties of the employee's office or employment" and does not apply to "tasks lawfully assigned by a competent authority."[4] [Doc. No. 106 at 11 ("If the employee performed tasks "lawfully assigned by a competent authority . . . with actual or implied consent of the supervisor, they are acting within the scope of employment.")]. Notably, they do not cite case law that supports this interpretation, and the Court does not find authority supporting their interpretation. [*See id.*]. Rather, the plain language of the definition of "scope of employment" does not support their argument, and the Court rejects it.

Kariuki and Meza also object to the R. & R.'s reference to "reckless disregard" in connection to its conclusion regarding bad faith. [Doc. No. 106 at 5–6]. Specifically, they

---

[4] "'Scope of employment' means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority . . . but shall not include corruption or fraud." 51 Okla. Stat. § 152(13).

state that "the Oklahoma Supreme Court has held that even acts performed with reckless disregard do not indicate a tort-feasor was acting in bad faith under the GTCA." [*Id.* at 5 (emphasis omitted) (citing *Gowens v. Barstow*, 2015 OK 85, ¶ 43, 364 P.3d 644, 658)]. The R. & R. concluded that a jury could find that Kariuki's and Meza's actions exhibited reckless disregard for Mr. Stewart, which could raise an inference of bad faith. [*See* Doc. No. 105 at 12 ("A jury could especially conclude that Nurse Kariuki's failure to refer Mr. Stewart to a doctor exhibited reckless disregard . . . ."); *id.* at 14]. Although acts that exhibit reckless disregard do not necessitate a finding of bad faith as argued by Kariuki and Meza, the Oklahoma Supreme Court has stated that a factfinder *can* infer bad faith from such acts:

> It is apparent that "reckless disregard" is distinguishable from acts that clearly show malice or bad faith. Acts performed with "reckless disregard" do not automatically rise to a level constituting malice or bad faith. That is not to say that malice or bad faith can never be inferred from conduct exhibiting reckless disregard for the rights of others. Such determination, however, shall be made on a case-by-case basis.

*Gowens v. Barstow*, 2015 OK 85, ¶ 21, 364 P.3d 644, 652. Considering this guidance, the Court concludes that the R. & R. did not misstate the law that a juror can infer bad faith conduct from actions demonstrating reckless disregard.

For the reasons outlined above, the Court overrules Kariuki and Meza's objections to the R. & R.

**B. Plaintiff's objections to the R. & R. are moot.**

Plaintiff also objected to the R. & R. [Doc. No. 107]. Plaintiff objected to the R. & R.'s recommendation that the Court deny Plaintiff's requests for leave to amend to add

individual-capacity claims under 42 U.S.C. § 1983 against Kariuki and Meza. [*Id.* at 1]. However, since filing her objections, Plaintiff has filed a Motion for Leave to File a Second Amended Complaint. [Doc. No. 108]. In light of this motion, and as noted by Kariuki and Meza [*see* Doc. No. 110], the Court will rule upon whether Plaintiff is entitled to amend when it considers that motion and not upon Plaintiff's objection. Considering the motion, the Court overrules Plaintiff's objection as moot.

## IV. CONCLUSION

For the reasons outlined above, the Court ACCEPTS the Report and Recommendation [Doc. No. 105]. The Court, therefore, DENIES Kariuki's and Meza's Motions for Summary Judgment. [Doc. Nos. 87, 88].

This action remains referred to Judge Maxfield.

IT IS SO ORDERED this 26th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE