**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JESICA STEWART, as Next Friend of Joseph Stewart, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-23-01046-JD |
| TURN KEY HEALTH CLINICS LLC, et al., | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Amanda L. Maxfield recommending that the Court deny Plaintiff's Opposed Motion for Leave to File Second Amended Complaint ("Motion"). [Doc. Nos. 108, 135]. The R. & R. also recommends that the Court deny Plaintiff's Unopposed Motion to Withdraw Qualified Nature of the Request for Leave to Amend [Doc. No. 109] as moot. [Doc. No. 135 at 11].[1] Plaintiff filed objections to the R. & R. [Doc. No. 136].[2]

---

[1] When the Court cites to a page number in this order, it will use page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

[2] In the Court's view, Judge Maxfield had authority to decide the Motion without issuing a report for the Court's review. Section 636(b)(1)(A) states that a magistrate judge may "hear and determine any pretrial matter" except for the following list of motions stated in the statute: "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). *See Franke v. ARUP Lab'ys, Inc.*, 390 F. App'x 822, 828 (10th Cir. 2010) (unpublished) (recognizing that a party's "motion to amend [to add a claim to his complaint] was a nondispositive

Defendants Natasha Kariuki and Christina Meza filed a response to Plaintiff's objections. [Doc. No. 137]. For the reasons outlined below, the Court accepts the R. & R.

## I. BACKGROUND

As outlined in the R. & R., the deadline to amend the pleadings in this case was January 27, 2025. [Doc. No. 42 at 1]. The Court extended that deadline to March 28, 2025, at which time the deadline expired and was not subject to further extension. [*See* Doc. No. 48]. Due to extensive extension of deadlines in this case, which are fully outlined in the R. & R., "the parties had 634 days of discovery, or almost a year and nine months." [Doc. No. 135 at 5]. The discovery deadline and the deadline for dispositive motions have passed. [*See* Doc. No. 104 at 1].

On March 11, 2025, the Oklahoma Supreme Court decided *Sanders v. Turn Key Health Clinics*, 2025 OK 19, 566 P.3d 591, in which it concluded that licensed medical professionals under contract with city, county, or state entities to provide medical care to inmates are employees of the state under the Governmental Tort Claims Act ("GTCA").

---

pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)"); *see also Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1998) ("The magistrate judge was authorized to rule on the motion for leave to file the Third Amended Complaint pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that the district court may designate a magistrate judge to hear and determine, with certain exceptions not relevant here, any nondispositive pretrial matter pending before the district court."). Because Plaintiff's Motion is not one of the matters listed, the Court is of the view that Judge Maxfield could have decided the matter outright, thus not entitling Plaintiff to the Court's de novo review of the objected-to portions of the R. & R. However, because Judge Maxfield issued the R. & R., the Court will address Plaintiff's objections under the de novo standard. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

2025 OK 19, ¶ 57, 566 P.3d at 610. Accordingly, on April 29, 2025, Defendants Kariuki and Meza, nurses who worked for Turn Key, indicated their intention to raise a previously unasserted immunity defense under the GTCA against Plaintiff's sole claim against them, a state law negligence claim. [*See* Doc. No. 135 at 5]. On April 30, 2025, Plaintiff indicated that she intended to add § 1983 claims if the negligence claims were subject to immunity. [*Id.*]. Kariuki and Meza subsequently filed motions for summary judgment claiming immunity from Plaintiff's claim under the GTCA. [Doc. Nos. 87, 88]. In her responses to those motions, Plaintiff requested leave to amend her complaint to add § 1983 claims if the Court granted the motions for summary judgment. [Doc. No. 93 at 14, Doc. No. 94 at 14]. The Court denied the motions for summary judgment. [Doc. No. 117].

Plaintiff filed the Motion, seeking leave to file a second amended complaint, adding individual-capacity claims under 42 U.S.C. § 1983 against Kariuki and Meza. Pursuant to the Court's referral to Judge Maxfield under 28 U.S.C. § 636 [Doc. No. 3], Judge Maxfield issued the R. & R. recommending that the Court deny the Motion because Plaintiff had not adequately identified good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4). [Doc. No. 135 at 9–11]. Judge Maxfield advised the parties of their right to object to the R. & R. by filing an objection with the Clerk of Court by October 30, 2026, and explained that failure to timely object to the R. & R. waives appellate review of both factual and legal questions in the R. & R. [*Id.* at 12 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))]. Plaintiff filed a timely objection. [Doc. No. 136]. Kariuki and Meza filed a response to Plaintiff's

objection. [Doc. No. 137]. *See* Fed. R. Civ. P. 72(b)(2) (providing that a party may "file specific written objections to the proposed findings and recommendations" within 14 days of the recommended disposition and that "[a] party may respond to another party's objections within 14 days").

## II. STANDARD OF REVIEW

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). Because Plaintiff has submitted timely and specific objections to the R. & R., the Court conducts a de novo review.

## III. ANALYSIS

After the expiration of the deadline to amend the pleadings, a party seeking to amend must demonstrate both "(1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). A showing of good cause "requires the movant to show the scheduling deadlines cannot be met despite the

movant's diligent efforts." *Id.* (quotation modified) (internal quotation marks and citation omitted). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." However, the Court does not have to grant leave to amend if any of the following are found: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The R. & R. concluded that Plaintiff has not demonstrated good cause. [Doc. No. 135 at 9–11]. As discussed in the R. & R., the primary reason that Plaintiff states it did not try to assert these claims until now is that Kariuki and Meza had not previously asserted an immunity defense. [*See* Doc. No. 108 at 4 ("Plaintiff raised the request promptly upon the development that Defendants sought to invoke immunity under state law in the March 17, 2026 responses, and now presents it in proper form as alternative relief.")]. The R. & R. concluded that Plaintiff's decision to not previously bring the § 1983 claim does not constitute good cause because "[i]t is Plaintiff's responsibility to plead her theories of liability, not to hold them in reserve to react to affirmative defenses." [Doc. No. 135 at 9]. However, even if that constituted good cause, the R. & R. concluded that Plaintiff did not act promptly in bringing her claims even upon discovery that Kariuki and Meza intended to raise an immunity defense: "Plaintiff knew as of April 29, 2025, that Defendants intended to file dispositive motions asserting state law immunity against Plaintiff's state law negligence claims." [*Id.* at 9–10 (internal quotation marks and citation omitted)]. Having concluded that Plaintiff had not demonstrated good

cause, the R. & R. did not conduct a full Rule 15(a) analysis but stated that it "would also recommend denying leave to amend under Rule 15(a)(2) due to Plaintiff's undue delay and untimely attempts to salvage the case through new theories of recovery." [*Id.* at 11]. Plaintiff objects to the R. & R. on several grounds, each of which the Court addresses below.

First, Plaintiff objects that the R. & R. did not consider whether the proposed amendment prejudices Defendants. [Doc. No. 136 at 4–7]. The R. & R. did not reach prejudice because it concluded that good cause was not present. Although the Tenth Circuit has identified prejudice as a possible relevant consideration, it has stated that "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). As stated in the R. & R., "untimeliness alone [is] a sufficient reason to deny leave to amend." [Doc. No. 135 at 7 (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994))]. The Court, therefore, does not find the R. & R. committed error by not considering prejudice.

However, even considering prejudice to Defendants, the Court cannot agree with Plaintiff that this "weighs entirely in favor of amendment." [Doc. No. 136 at 4]. According to Plaintiff, the amendment would not prejudice Kariuki and Meza because they would require no additional discovery because the § 1983 claims rely on the same encounters as Plaintiff's negligence claims. [*Id.* at 5]. However, as raised by Kariuki and Meza in their response to the Motion, they have already filed dispositive motions and disclosed expert opinions. [Doc. No. 111 at 8]. The Court cannot agree with Plaintiff that

allowing her to add claims at this late stage of the case, where the only remaining deadlines relate to pretrial submissions and trial itself, would not prejudice Kariuki and Meza. [*See* Doc. Nos. 132, 134].

Second, Plaintiff objects to the R. & R.'s finding that "the purpose of Plaintiff's delay was to present her theories to the Court one after another." [Doc. No. 136 at 7 (quoting Doc. No. 135 at 11)]. Plaintiff objects to this finding because the Court declined to dismiss her negligence claims against Kariuki and Meza, thus that theory is still viable and not rejected. [Doc. No. 136 at 7–8]. While Plaintiff's negligence claims are viable, § 1983 claims have been available to Plaintiff, and Plaintiff chose not to assert them until Plaintiff perceived her negligence claims were vulnerable to an immunity defense. As Plaintiff herself states "[t]he proposed claims arise from the same encounters, medical records, and deposition testimony that underlie the negligence claims . . . ." [Doc. No. 108 at 4]. Plaintiff categorizes her proposed amended pleading as "plead[ing] around an affirmative defense," [Doc. No. 136 at 9], but Plaintiff is not seeking to add factual allegations that support her response to Kariuki and Meza's immunity defense. [*See* Doc. No. 108-1]. Instead, she seeks to add § 1983 claims because of perceived vulnerability of her negligence claims.

Third, Plaintiff objects to the R. & R.'s finding that "her delay 'has not been caused by discovery of new facts or changes in the underlying law' and that she lacks good cause." [Doc. No. 136 at 9 (quoting Doc. No. 135 at 9–10)]. She asserts that Kariuki and Meza's newly added immunity defense is the event that necessitated the addition of her § 1983 claims and thus was a circumstance beyond her control. [*Id.* at 9–11].

However, as the Court outlined above, Plaintiff is not seeking to amend to merely add allegations to counter the immunity defense. Instead, Plaintiff seeks to add a new cause of action that admittedly has been available to her but not raised until she feared the viability of her negligence claim. This is not in instance like the case cited by Plaintiff, in which, after the deadline to amend the pleadings had passed, the plaintiff learned of defendant's position that it was the improper defendant. *See McCraken v. Bd. of Cnty. Comm'rs*, No. 24-CV-02013-NYW-CYC, 2025 WL 3684234, at *1 (D. Colo. Dec. 19, 2025). In that case, the court excused the plaintiff's untimeliness because the defendant had contributed to the delay by failing to clearly articulate its position. *See id.* at *4 ("[T]he lengthened timeframe is, at least in part, a product of the defendant's own creation. Had it simply raised the issue expeditiously, there would be no delayed amendment."). Here, Kariuki and Meza did not have the ability to raise an immunity defense until the Oklahoma Supreme Court's decision in *Sanders v. Turn Key Health Clinics*, 2025 OK 19, 566 P.3d 591. Shortly after the decision, they advised Plaintiff of their intent to raise the defense in their summary judgment motions. [Doc. No. 135 at 5]. Plaintiff, however, has had the ability to assert § 1983 claims and chose to only assert negligence claims against Kariuki and Meza.

Fourth, Plaintiff states that her April 2025 email to opposing counsel disclosed her intention to amend as a contingency plan if the Court dismissed her negligence claims and this email evidences her diligence. [*See* Doc. No. 109-2 (April 2025 email); Doc. No. 136 at 11–12]. However, Plaintiff did *not* seek leave to amend at that time, which preceded the expiration of the discovery and dispositive motion deadlines, and would

have allowed Kariuki and Meza to seek necessary discovery on Plaintiff's § 1983 claims and pursue summary judgment motions on the same. [*See* Doc. No. 104 (extending discovery and dispositive motion deadlines)].

Plaintiff also attempts to distinguish the circumstances here from cases in which plaintiffs have attempted to amend to add new claims after their original claims failed. [Doc. No. 136 at 13]. The Court does not, however, see the distinction. Plaintiff cites *Gragg v. Roth*, No. CIV-19-1007-SLP, 2021 WL 5992286 (W.D. Okla. May 5, 2021), in which the plaintiff attempted to amend the complaint to add a claim due to the dismissal of his original claim. *Id.* at *2. The plaintiff argued that the amendment would not prejudice the defendant because the factual allegations underlying the claims were identical. *Id.* The Court rejected plaintiff's request, citing the expiration of the discovery and dispositive motion deadlines, the plaintiff failed to move to amend when he first identified the possibility to opposing counsel months earlier, and the plaintiff's "unsubstantiated statements about 'injustice' and a lack of prejudice." *Id.* The only difference between Plaintiff's request and the plaintiff in *Gragg* that the Court perceives is that the *Gragg* plaintiff's original claim had failed, whereas, here, Plaintiff's claim potentially weakened due to the immunity defense. In both cases, the plaintiffs had claims that could have been asserted earlier and that they indicated they were going to assert well before they attempted to.

Fifth, Plaintiff objects to the R. & R.'s categorization of her first raising the request to amend in her responses to Kariuki's and Meza's motions for summary judgment. [*See* Doc. Nos. 93, 94]. The R. & R. identified that Plaintiff "was warned four

times that requests to amend could not be included in a response to a motion." [Doc. No. 135 at 10 (citing Doc. No. 23 at 23; Doc. No. 25 at 14; Doc. No. 31 at 11; Doc. No. 105 at 15)]. Plaintiff disputes the impact of those warnings and how her failure to raise her request to amend in a separate motion further delayed the request. [*See* Doc. No. 136 at 14]. The Court's Local Rules require parties to move to amend by attaching the proposed amended pleading to the motion and prohibits responsive briefs from containing motions. LCvR7.1(c), LCvR15.1. Regardless of Plaintiff's attempts to discredit her prior warnings regarding motions to amend, her failure to comply with the local rules delayed the Court's consideration of her request until she presented it in a motion that complied.

Lastly, Plaintiff objects to the R. & R.'s alternate recommendation to deny leave under Rule 15(a)(2). [Doc. No. 136 at 14–15]. The R. & R. based its recommendation upon "Plaintiff's undue delay and untimely attempts to salvage the case through new theories of recovery." [Doc. No. 135 at 11]. Plaintiff objects because the R. & R. did not address "prejudice, bad faith, or futility." [Doc. No. 136 at 14]. However, the Court does not need to examine each of these factors to conclude that leave is inappropriate under Rule 15(a)(2). *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Additionally, both the R. & R. and this order have sufficiently documented Plaintiff's undue delay as a basis for denying leave under Rule 15(a)(2).

## IV. CONCLUSION

For the reasons outlined above, the Court OVERRULES Plaintiff's objections and ACCEPTS the R. & R. Accordingly, the Court DENIES Plaintiff's Opposed Motion for Leave to File Second Amended Complaint. [Doc. No. 108]. The Court also DENIES

Plaintiff's Unopposed Motion to Withdraw Qualified Nature of the Request for Leave to Amend as moot. [Doc. No. 109].

This action remains referred to Judge Maxfield.

IT IS SO ORDERED this 16th day of November 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE